*Geo. C. Dixon*, for plaintiff in error.

*J. C. Hall*, for defendant.

———o o·o———

## COONROD *v.* BENSON.

'The neglect of the court to render a judgment *non obstante veredicto*, on the ground of an insufficient plea, cannot be urged as error, unless a motion was made for such a judgment, and exception taken to the ruling of the court.

*Error to Louisa District Court.*

- *Opinion by* KINNEY, J. Coonrod sued Benson in assumpsit, and declared upon a note given on the 24th day of February, 1842, calling for $141,00.

The defendant pleaded the general issue, gave notice of the failure of consideration, and pleaded that the right of action did not accrue to the plaintiff within six years before the commencement of the suit. The plaintiff replied in short, by consent, to the plea of the statute of limitations, and the cause was submitted to the court upon the issue made by the plea of the statute, and the plaintiff's

replication. The court sustained the plea, and entered judgment for costs against the plaintiff, to which he excepted, and assigns the decision for error.

The issue made by the pleadings, and tried by the court, was simply this; did the right of action accrue within six years prior to the commencement of the suit? The defendant says in his plea, that it did not; the plaintiff in his replication, that it did; and here the parties were at issue. The court upon this issue, found for the defendant, that the right of action did not accrue within six years; and this was the fact, as the note was given more than six years prior to the commencement of the suit.

The pleader probably supposed when he filed his replication, that it would have the effect of a demurrer, and would test the question of law tendered by the plea; but such is not the effect of a replication.

Although the plea according to the repeated decisions of this court, did not if true, constitute any defense to the action, yet the court could not have decided differently under the state of the pleadings. The issue was merely one of fact, and not of law. The court by consent, acted in the capacity of jury in determining the fact, and found correctly. But it is now contended by the plaintiff in error, that as the judge was substituted for the jury, the plaintiff having a good cause of action, the defendant having put in a bad plea, and the decision being in favor of that plea, the court should have rendered a judgment for the plaintiff *non obstante veredicto*. If the case had been submitted to the jury as made by the pleadings, and the jury had found for the defendant, upon motion, the court could have rendered a judgment in favor of the plaintiff "*non obstante veredicto*," and a refusal to enter such judgment would have been good cause of reversal.

But it is urged, that as the judge acted in the place of the jury, the same doctrine should obtain. This is true, but if the plaintiff desired a judgment "*non obstante veredicto*," he should have made a motion to that effect, and

if it had been overruled and excepted to, he could then have had his remedy by writ of error.

But the bill of exceptions taken in this case, was to the decision of the court in sustaining the plea. We cannot change its character, nor apply it to anything except to the decision which it seeks to correct, and which formed the basis for the exceptions.

The plaintiff therefore in this case, should have demurred in order to avoid the plea of the statute of limitations. As he did not demur, and as the plea was no defense to the action when the court found the facts in favor of the defendant, he ought to have moved for a judgment "*non obstante veredicto.*" As the plaintiff therefore, has not put his case in a position to claim the aid of this court, and as there was no error in the decision, the judgment must be affirmed.

Judgment affirmed.

*Grimes & Starr*, for plaintiff in error.

*D. Rorer*, for defendant.